# Commonwealth *v.* Bender and Leon, Appellants.

*Criminal law—Conspiring to entice minor—Evidence—Instruction of jury.*

In a prosecution for conspiracy to entice a minor, where it appeared that during the early part of the same day, the prosecutor,

270, (1919).]      Syllabus—Opinion of the Court.

a fifteen-year-old girl, had been abducted by a third person and had been drugged by him and was in a highly nervous and hysterical condition, it was proper for the trial judge to permit these facts to be admitted in evidence under instruction of the jury that the said third party was not to be regarded as a conspirator and the plaintiff's testimony as to the events of the earlier part of the day was admitted simply for the purpose of establishing her credibility and determining the value of her whole story.

Argued October 14, 1919. Appeals, Nos. 231 and 232, October T., 1919, by defendants from judgment of Q. S. Philadelphia Co., March Sess., 1919, No. 58, on verdict of guilty in the case of Commonwealth v. Frederick Bender and George Leon. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Indictment for conspiracy to entice a minor for the purpose of prostitution. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Errors assigned* was the admission of the testimony of the minor child, her sister and mother.

*William T. Connor,* and with him *John R. K. Scott,* for appellants.

*John H. Maurer,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY ORLADY, P. J., December 10, 1919:

The defendants were indicted on a charge of conspiracy to inveigle, entice, etc., Edith Bear, a minor fifteen years of age, and after trial they were found guilty. The assignments of error relate to the admission, under ex-

ception, of the testimony of the minor child, her sister and mother.

The facts developed on the trial were so unusual, that considerable latitude was rightly allowed by the trial judge in the examination of these witnesses to develop the essential facts of the case and disclose the charge stated in the indictment.

One Mauger was mentioned by them as an associate, or a possible conspirator with the defendants then on trial. He had been acquitted of a similar charge, but was so intimately identified with the acts of the other defendants that his association with them became a necessary part of the history of the case leading up to what was the real offense.

The record shows that during the second day of the trial the Commonwealth's principal witness was in such a fainting condition on taking the stand that the counsel for defendant moved for the withdrawal of a juror, which was refused by the court and an exception noted for the defendant, but it is not pressed on this appeal. Another important witness was the sister, who was but thirteen and a half years of age. Throughout the trial the narration of events was given by highly nervous, excitable witnesses, whose replies at times, while improper and irrelevant, were not induced by counsel. A motion was made to strike out the testimony, so far as it related to conversations and acts of Mauger prior to the meeting with one of these defendants, as being mere hearsay and inadmissible,—which was held under advisement by the court and disposed of in the charge to the jury as follows: "I refuse to strike out the testimony which relates to Mauger because I thought you gentlemen ought to have in the case for your consideration the girl's entire story of what happened to her on that day. There is no evidence that Mauger conspired with these two defendants, but you can take her evidence with reference to Mauger and determine how valuable her entire story is."

This was the proper disposition of this phase of the case. While Mauger had been saved by a verdict of not guilty, the relation of these defendants to this child could not be rightly appreciated without a full narrative of the events with which they and he were so closely identified, and the testimony as to him furnished ample ground for the jury drawing the inference as to the intention of these defendants. As stated by the trial judge in refusing a new trial, "The events of the early part of the day, as described by the girl, are extraordinary if she was to be believed. She had been drugged or given something to intoxicate her and was in a highly nervous and hysterical condition. These facts were necessary for the information of the jury in order that they might properly understand her whole story."

The jury was instructed that Mauger was not to be considered as a conspirator in this transaction with these defendants, and whether or not this was proper it did the defendants no harm. The jury was specially directed "to only take her testimony with reference to Mauger to determine how valuable her entire story is." The trial was conducted with exceptional fairness, and the conclusion reached by the jury was the only one that could reasonably be expected, if the jury believed the testimony of the Commonwealth's principal witnesses, and whether or not such belief should follow hearing and seeing them on the witness stand, was for the jury to determine.

Separate appeals have been taken by the defendants and this opinion applies to each.

The assignments are overruled and the judgment is affirmed. The record is remitted to the court below, and it is ordered that the appellants severally appear at such time as they may be called, and that they severally be by that court committed until each has complied with the sentence or any part of it that has not been performed at the time this appeal became a supersedeas.